**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


| | |
|---|---|
| **VIRGINIA DICESARE,** ) | |
| ) | CIVIL ACTION NO.  11-985 |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | |
| ) | |
| **OFFICE OF CHILDREN, YOUTH &** ) | |
| **FAMILIES** *Mon Valley Regional Office*, ) | |
| ) | |
| Defendant. ) | |


Pending before the court is the motion to dismiss (ECF No. 15) filed by defendant Office

of Children, Youth & Families ("CYF").  CYF is seeking to dismiss the pro se complaint (ECF

No. 1) filed by plaintiff Virginia Dicesare's ("Plaintiff"). In a response (ECF No. 23) to a motion

filed by Plaintiff seeking a restraining order (ECF No. 17), CYF raised the issue whether the

court should abstain.  This memorandum opinion will address (1) the motion to dismiss and (2)

CYF's contention that the court should abstain from exercising jurisdiction.  For the reasons set

forth below, the motion to dismiss filed by CYF is GRANTED without prejudice.  With respect

to abstention, as further set forth below, this case is STAYED, pending resolution of Plaintiff's

state court proceedings.

**Factual and Procedural History**

Plaintiff filed a pro se complaint against CYF in this court on August 1, 2011.

(Complaint (ECF No. 1) at 1.)  In the complaint, Plaintiff alleges that CYF took custody of

Plaintiff's daughter on September 17, 2010 because of the lack of cleanliness of her home.  (Id.)

On September 20, 2010, Plaintiff had a seventy-two-hour shelter hearing.  (Id.)  Plaintiff did not

explicitly assert any legal arguments; rather, the complaint contains general accusations that: (1) Plaintiff achieved the goals set for her by the state court but her daughter was not returned to her as promised; (2) several court dates were rescheduled with little or no notice; and (3) CYF does not intend to return Plaintiff's daughter to her. (Id. at 1-2.) Plaintiff requests the return of her daughter and $100,000,000 in damages. (Id. at 2.) On the civil cover sheet, Plaintiff indicated that the nature of the suit was "Other Civil Rights." (ECF No. 1-1.)

On October 6, 2011, CYF filed a motion to dismiss. (ECF No. 15.) In the accompanying brief, CYF argued that (1) Plaintiff failed to state a claim under 28 U.S.C. § 1983 because she did not allege any constitutional injuries, and (2) CYF is not subject to suit under § 1983 because "it has no separate corporate identity separate and apart from that of Allegheny County." (Br. Supp. Mot. Dismiss (ECF No. 16) at 2-3.)

On the same day, October 6, 2010, without responding to the motion to dismiss, Plaintiff filed a "motion to request a restraining order" against several employees of CYF and two Pennsylvania judges involved in her case. (ECF No. 17) She claimed CYF was harassing her and the father of her daughter, asking for child support, sending at least one letter, and sending a state constable to Plaintiff's home to deliver the letter. (Id.) Plaintiff filed a response to the motion to dismiss on October 13, 2011, without raising any legal issues in her response, and requested a hearing. (ECF No. 22.)

On December 6,[1] 2011, Plaintiff's parental rights were terminated during her state court proceedings. (ECF No. 30 at 3.) CYF represented to the court that Plaintiff appealed that decision to the Superior Court of Pennsylvania. (ECF No. 38 at 1.) On December 13, 2011, Plaintiff responded to the court's order to show cause. (ECF No. 30) On January 3, 2012, CYF

---

[1] It is not entirely clear from the parties' filings what date Plaintiff's parental rights were terminated. Plaintiff states that her hearing was on December 6, 2011 (ECF No. 30), while CYF states that her rights were terminated on December 9, 2011 (ECF No. 38).

filed its reply to Plaintiff's response to show cause order. (ECF No. 32)

On January 9, 2012, Plaintiff filed a "MOTION FOR EXBHITS [*sic*] FOR COURT ORDERS." (ECF No. 33) The court denied the motion without prejudice on January 12, 2012 because there was no action required by the motion. (ECF No. 34.)  Plaintiff filed a motion for recusal (ECF No. 36) on January 10, 2012, which the court subsequently denied, finding that plaintiff's arguments for recusal, based upon disagreements with the court's legal conclusions and case management, would not lead a reasonable person to have any doubt regarding the court's impartiality.  (ECF No. 39.)

### Standard

#### A. Subject-Matter Jurisdiction

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may file a motion to dismiss an action if the court lacks subject-matter jurisdiction over the complaint. FED. R. CIV. P 12(b)(1).  Although CYF did not submit a 12(b)(1) motion—the motion to dismiss refers only to rule (12)(b)(6)—the court has an ongoing duty to determine whether subject-matter jurisdiction is proper upon its own initiative or the suggestion of the parties.  FED. R. CIV. P 12(h).  Challenges to subject-matter jurisdiction under Rule 12(b)(1) may be facial or factual in form.  Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977); Gould Elec. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). A facial challenge attacks the complaint on its face and requires the court to consider only the complaint's allegations and to do so in the light most favorable to the plaintiff. Mortensen, 549 F.2d at 891. A factual challenge contests the existence of subject-matter jurisdiction, apart from any pleadings. Id.  In reviewing a factual challenge, the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," even where disputed material facts exist. Id.  In a factual challenge,

3

the plaintiff has the burden of persuasion to show that jurisdiction exists. Id.; Gould, 220 F.3d at

178.


**B.  Failure to State a Claim**

A 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. Kost v.

Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  In deciding a motion to dismiss, the court is not

opining on whether the plaintiff will be likely to prevail on the merits; rather, when considering a

motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and

views them in a light most favorable to the plaintiff.  U.S. Express Lines Ltd. v. Higgins, 281

F.3d 383, 388 (3d Cir. 2002).  While a complaint does not need detailed factual allegations to

survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a complaint must provide

more than labels and conclusions.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A

"formulaic recitation of the elements of a cause of action will not do."  Id.  (citing Papasan v.

Allain, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to raise a right to relief

above the speculative level" and "sufficient to state a claim for relief that is plausible on its

face."  Id.  "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

> The plausibility standard is not akin to a "probability requirement,"
> but it asks for more than a sheer possibility that a defendant has
> acted unlawfully.  Where a complaint pleads facts that are "merely
> consistent with" a defendant's liability, it "stops short of the line
> between possibility and plausibility of 'entitlement to relief.'"

Id. (quoting Twombly, 550 U.S. at 556) (internal citations omitted).

Two working principles underlie Twombly.  Id. at 678-79.  First, with respect to mere

conclusory statements, a court need not accept as true all the allegations contained in a complaint. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555.) Second, to survive a motion to dismiss, a claim must state a plausible claim for relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (citing Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. (quoting FED. R. CIV. P. 8(a)(2)). A court considering a motion to dismiss may begin by identifying allegations that are not entitled to the assumption of truth because they are mere conclusions. Id. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

## Discussion

The court will first address the motion to dismiss and will then consider abstention and the propriety of further exercising subject-matter jurisdiction over this case.

### A. CYF's Motion to Dismiss

In addressing the motion to dismiss, CYF raises two arguments. CYF first argues that it does not have a distinct corporate identity separate from Allegheny County. CYF relies on Johnson v. City of Erie, 834 F. Supp. 873 (W.D. Pa. 1993), and Korf v. Feldenkreis, No. 98-

2519, 1999 WL 124388 (E.D. Pa. Feb. 8, 1999).).   In <u>Johnson</u>, the court held that a police department is not a proper party to a suit *when the municipality itself has been sued*.  <u>Johnson</u>, 834 F. Supp. at 878-79 (W.D. Pa. 1993) (holding that the police department was both "improper" *and* "unnecessary"; <u>see</u> <u>Schor v. N. Braddock Borough</u>, No. 02:11-cv-397, 2011 WL 2745999, at *4 (W.D. Pa. July 12, 2011) (citing <u>Johnson</u>, 834 F. Supp. at 878-79) ("It is well settled that a municipal police department is not a proper party in a suit in which the municipality itself is a party.").  The Court of Appeals for the Third Circuit has yet to consider the issue in a precedential opinion.  <u>See</u> <u>Golya v. Golya</u>, No. 3:CV-05-0100, 2007 WL 2301085, at *9-10 (M.D. Pa. Aug. 9, 2007); <u>but see</u> <u>Martin v. Red Lion Police Dept.</u>, 146 F. App'x 558, 562 n.3 (3d Cir. 2005) (citing <u>Johnson</u>, 834 F. Supp. at 878-79) ("Red Lion Police Department, as the subdivision of defendant Red Lion Borough through which the Red Lion Borough fulfills its policing functions, was not a proper defendant in an action pursuant to 42 U.S.C. § 1983.").

Other district courts within the Third Circuit have expressed divergent opinions about whether the <u>Johnson</u> holding is based on lack of § 1983 "personhood" or on the redundancy of simultaneously suing both a political subdivision and its subunit.  For example, in <u>E.B. v. Woodland Hills School District</u>, No. 10-0442, 2010 WL 2817201, at *4 (W.D. Pa. July 16, 2010), the court dismissed claims against a board of school directors.  The court reasoned that the claims were "unnecessary" and "redundant" because the "School District itself (a named defendant) would ultimately be liable for any judgment entered against the Board of School Directors."  <u>Id.</u>  On the other hand, in <u>Nugent v. County of Hunterdon</u>, Civ. No. 09-2710, 2010 WL 1949359, at *1-2 (D.N.J. May 14, 2010), the court dismissed claims against a county prosecutor's office even though the plaintiff had already prejudicially withdrawn his claims against the county; the court applied the <u>Johnson</u> reasoning, even when the redundancy

component was not satisfied.  Id.  The court applied New Jersey law to determine whether the prosecutor's office had a separate legal existence amenable to suit.  Id.; see Satterfield v. Borough of Schuylkill Haven, 12 F. Supp. 2d 423, 431 (noting that the capacity of a Pennsylvania political subunit to be sued in federal court for a constitutional matter provides a "choice of law quagmire," and ultimately granting summary judgment on the basis that the challenged party was redundant).   Because there are other bases for dismissal, the court need not decide this issue, but the court does note there are several other cases in which CYF has been a defendant in a § 1983 action.  See, e.g., Breakwell v. Allegheny County Dept. of Human Services, 406 F. App'x 593 (3d Cir. 2010); Robinson v. County of Allegheny, 404 F. App'x 670, (3d Cir. 2010).

In its second argument for dismissal under Rule 12(b)(6), CYF contends that Plaintiff failed to state a claim for relief, submitting that "there is simply no claim that can be identified." (ECF No. 15)  Notwithstanding the sufficiency analysis enunciated in Iqbal and Twombly, the Supreme Court has not abandoned the doctrine that filings by pro se litigants should be liberally construed.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (decided after Twombly); see Heurtas v. Galazy Asset Management, 641 F.3d 28, 32 (3d Cir. 2011) ("[W]e must construe [the] complaint liberally because [the plaintiff] is proceeding pro se.").  CYF's argument that plaintiff did not alleged facts from which a federal claim could be "identified" is erroneous.  Plaintiff alleged impropriety relating to the deprivation of her rights as the natural mother of her minor child. Natural parents have a fundamental liberty interest in the "care, custody, and control" of their minor children which may not be deprived absent "some reasonable and articulable evidence giving rise to a reasonable suspicion that a child has been abused or is in imminent danger of abuse."  Croft v. Westmoreland Cnty. Children & Youth Servs., 103 F.3d 1123, 1126 (3d Cir.

1997) (holding that substantial governmental intrusion with parental rights is an arbitrary abuse

of power absent reasonable suspicion of abuse); accord Breakwell v. Allegheny Cnty. Dept. of

Human Servs., 406 F. App'x 593, 598 (3d Cir. 2010).

Notwithstanding the court's conclusion that an identifiable § 1983 claim exists in

circumstances involving arbitrary deprivation of parental rights, the court must grant the motion

to dismiss because Plaintiff failed to set forth sufficient facts to raise a plausible claim.

Specifically, under § 1983, a municipality cannot be held liable for the unconstitutional acts of

its employees on a theory of respondeat superior.  See Monell v. Dep't of Soc. Servs., 436 U.S.

658, 691 (1978).  Instead, the plaintiff must "demonstrate that the violation of his [or her] rights

was caused by either a policy or a custom of the municipality."  Berg v. County of Allegheny,

219 F.3d 261, 275 (3d Cir. 2000) (citing Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir.

1996)).  "'Policy is made when a 'decisionmaker possessing final authority to establish

municipal policy with respect to the action' issues an official proclamation, policy, or edict.'"

Id. (quoting Kneipp v. Tedder, 95 F.3d 1199, 1212 (3d Cir. 1996) (quoting Pembaur v. City of

Cincinnati, 475 U.S. 469, 481 (1986))).  Customs are "'practices of state officials . . . so

permanent and well settled' as to virtually constitute law."  Id. (quoting Monell, 436 U.S. at

691).  One method of demonstrating custom is by showing a "practice is so well settled and

widespread that the policymaking officials have either actual or constructive knowledge of it."

Silva v. Worden, 130 F.3d 26, 31 (1st Cir. 1997).

After identifying a policy or custom, a plaintiff must "demonstrate that, through its

deliberate conduct, the municipality was the 'moving force' behind the injury alleged."  Bd. of

Cnty Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 404 (1997); Berg, 219 F.3d at 276.

Before the Brown decision, the Supreme Court described the causation requirement as requiring

a "direct causal link" between the policy or custom and the alleged constitutional deprivation.
City of Canton v. Harris, 489 U.S. 378, 385 (1989).  "If . . . the policy or custom does not
facially violate federal law, causation can be established only by 'demonstrat[ing] that the
municipal action was taken with 'deliberate indifference' as to its known or obvious
consequences."  Berg, 219 F.3d at 276 (quoting Brown, 520 U.S. at 407).

    Proving "simple or even heightened negligence will not suffice" to meet the causation
requirement.  Id.  "It is a particularly willful type of recklessness that is inherent in the deliberate
indifference standard."  Simmons v. City of Phila., 947 F.2d 1042, 1060 n.13 (3d Cir. 1991).  In
order to assert a constitutional violation against a municipality, a plaintiff must show that
deliberate "indifference resulted either from a decision officially adopted and promulgated or
from a permanent and well-settled practice."  Id. at 1059.  Deliberate indifference may be related
to training, hiring, supervision, discipline, or failure to adopt necessary policies.  See Federal
Judicial Center, Section 1983 Litigation 99-100 (2d ed. 2008).  Under a failure-to-train theory of
deliberate indifference, a plaintiff must identify a *particular* deficiency in the training and prove
that that particular deficiency was the cause of the plaintiff's constitutional injury.  Canton, 498
U.S. at 390-91; Giles v. Davis, 427 F.3d 197, 207 n.7 (3d Cir. 2005).  Furthermore, the
specifically identified lack of training must amount to deliberate indifference for the complaint to
pass muster.  Giles, 427 F.3d at 207 n.7.

    There are at least four paths a plaintiff may take to establish the existence of a
municipality's illegal policy or custom.  "The plaintiff can look to (1) the municipality's
legislative enactments or official agency policies; (2) actions taken by officials with final
decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of
tolerance or acquiescence of federal rights violations."  Thomas v. City of Chattanooga, 398 F.3d

426, 429 (6th Cir. 2005); see Monell, 436 U.S. at 658.

Here, Plaintiff alleged no facts relating to either a municipal policy or custom. She did not allege any facts tending to show that a municipal policy or custom was the moving force behind her alleged constitutional violations. To state a claim against CYF, Plaintiff would be required to make an allegation of custom or policy. Marran v. Marran, 376 F.3d 143, 155-56 (3d Cir. 2004) (a prima facie claim against a county or its agency must involve an allegation of a policy or custom that directed or caused the constitutional deprivation); see Perry v. Lackawanna Cnty. Children & Youth Servs., 345 F. App'x 723, 725 (3d Cir. 2009) (affirming dismissal of a § 1983 claim against a child and youth services agency of Lackawanna County, Pennsylvania, for failing to allege the required custom or policy under Monell). For these reasons, Plaintiff's claim must be dismissed, without prejudice to her filing of an amended complaint, provided she is able to plead facts sufficient to show a plausible entitlement to relief.

### B. Abstention

CYF argues that the court should abstain from exercising jurisdiction in this case under Younger v. Harris, 401 U.S. 37 (1971). "[F]ederal courts must abstain from exercising jurisdiction over a claim where resolution of that claim would interfere with an ongoing state proceeding." Miller v. Mitchell, 598 F.3d 139, 145 (3d Cir. 2010). A federal court must abstain when the following requirements are met: (1) the state proceedings are judicial in nature, (2) the proceedings implicate important state interests, and (3) the federal plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges. Middlesex County Ethnics Comm. V. Garden State Bar Assoc., 457 U.S. 423, 432 (1982); FOCUS v. Allegheny Cnty. Ct. Com. Pl., 75 F.3d 834, 843 (3d Cir. 1996). Even if the requirements for abstention are

met, "the District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding." Deakins v. Monaghan, 484 U.S. 193, 202 (1988); Williams v. Hepting, 844 F.2d 138, 144-45 (3d Cir. 1988). The purpose of the Younger abstention doctrine is for a federal district court to abstain from exercising jurisdiction over a claim when resolution of such claim would "offend principles of comity by interfering with ongoing state proceedings." Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir. 2005).

Here, the court takes judicial notice that Plaintiff's state court proceedings are actively on appeal before the Pennsylvania Superior Court and concludes that they are ongoing for the purposes of Younger abstention. See Addiction Specialists, 411 F.3d at 408-409 ("We . . . find that the state proceedings are 'ongoing' for Younger abstention purposes . . . because the . . . appeal was pending at the time [the plaintiff] filed its initial complaint in federal court.").

The three requirements for Younger abstention are met. First, Plaintiff's state proceedings are judicial in nature. See McDaniels v. N.J. Div. of Youth and Family Servs., 144 F. App'x 213, 215 (3d Cir. 2005) (holding that proceedings filed against the plaintiff by the defendant in state court to terminate the plaintiff's parental rights were judicial in nature for the purposes of abstention). Second, the proceedings implicate the important state interest in fair administration of child custody and parental rights proceedings. See id. (citing Moore v. Sims, 442 U.S. 415, 427 (1979) (recognizing the state interest in civil proceedings to prevent the abuse of children)). Third, Plaintiff may raise her constitutional challenges during the course of her appeal to the Pennsylvania Superior Court. See id.

Although the three requirements are met, Plaintiff will not be able to obtain monetary damages for the alleged violations of her constitutional rights, during the course of her state

proceedings.  Thus, the court will stay this case, pending resolution of the state proceedings, as required by Deakins, 484 U.S. at 202.  Plaintiff will have leave to file an amended complaint within thirty days after a notice is filed with this court advising that the state proceedings are final.  Plaintiff shall file with the court a notice when the state proceedings are final.  If Plaintiff fails to file the notice, CYF may do so and shall serve the notice on Plaintiff.


*ORDER*

AND NOW, this 12th day of July, 2012, for the reasons set forth above,

IT IS HEREBY ORDERED that the motion to dismiss (ECF No. 15) is GRANTED without prejudice.

IT IS FURTHER ORDERED that this case is STAYED pending the resolution of Plaintiff's ongoing state proceedings.

IT IS FURTHER ORDERED that the clerk shall mark this case administratively CLOSED pending further notice from the court.

IT IS FURTHER ORDERED that Plaintiff will be permitted to file an amended complaint and to reopen this case no later than thirty days after she or CYF provides notice to the court that her state court proceedings are no longer ongoing, but the case will be dismissed with prejudice if the plaintiff fails to file an amended complaint within thirty days of the filing of notice by either party that the state court proceedings have terminated.


By the court,

 /s/ Joy Flowers Conti
Hon. Joy Flowers Conti
United States District Judge